**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
EASTERN DIVISION**

**LONNIE JOHNSON, INDIVIDUALLY
AND ON BEHALF OF ALL OTHERS
SIMILARLY SITUATED**                                             **PLAINTIFF**

**V.**                                 **CIVIL ACTION NO.:**   2:20-cv-201-KS-MTP

**CITY OF LAUREL, MISSISSIPPI**                                 **DEFENDANT**

**COMPLAINT
JURY TRIAL DEMANDED**

    **COMES NOW,** the Plaintiff, Lonnie Johnson, by and through his counsel, Watson & Norris, PLLC, brings this action against Defendant, City of Laurel, Mississippi. As more specifically set forth below, Plaintiff, Lonnie Johnson, individually and on behalf of all others similarly situated have been improperly not paid all overtime wages owed to them. The actions of the Defendant described herein constitute violation of the Fair Labor Standards Act.

**JURISDICTION AND VENUE**

    1.     This is a civil action brought pursuant to the Fair Labor Standards Act..

    2.     This Court has jurisdiction over this action pursuant to 28 U.S.C. § 1331 and 38 U.S.C. § 4323(b).

    3.     The United States District Court for the Southern District of Mississippi is a proper venue for this action under 38 U.S.C. § 4323(c) because Defendant is a municipality in this judicial district.

## PARTIES

4. Plaintiff, Lonnie Johnson, is a male citizen of Jones County, Mississippi. Mr. Johnson has consented to joining the case and serving as the representative Plaintiff. *See* Johnson Consent, attached as Exhibit "A."

5. Defendant, The City of Laurel, Mississippi, may be served through the City Clerk, Mary Ann Hess, 401 North 5th Avenue, Laurel, Mississippi 39440.

6. Defendant is an employer within the meaning of the Fair Labor Standards Act.

## STATEMENT OF THE FACTS

7. Plaintiff a 61-year old male resident of Jones County, Mississippi.

8. Plaintiff was hired as a Fire Fighter by the City of Laurel, Mississippi on October 16, 1992.

9. In the past three years Plaintiff and all others similarly situated worked as firefighters for Defendant.

10. Firefighters for the Defendant work rotating twenty-four (24) hour shifts.

11. Each firefighter is placed in a schedule A, B or C so that the fire stations can have adequate personnel at all times.

11. For schedule A, B, C a firefighter's regular schedule, which also rotates as well. See Plaintiff's 2020 schedule, attached as Exhibit "B."

12. For example, Plaintiff or any other firefighter would work twenty-four (24) hours on duty and then have twenty-four (24) hours off until their next shift. They would do this until they completed five (5) scheduled shifts.

13. Once this is complete Plaintiff and other firefighters would have seven (7) straight days off.

14. Then Plaintiff and other firefighters would work twenty-four (24) hours on and off until they completed four (4) scheduled shifts.

15. Once this is complete Plaintiff and other firefighters would have five (5) straight days off.

16. Schedule A, B, and C run this exact back and forth schedule. The only difference between the three schedules is when they each start their cycle.

17. This rotating schedule causes Plaintiff and other firefighters to work between two hundred sixteen (216) and two hundred sixty-four (264) scheduled hours per month.

18. Defendant only pays Plaintiff and other firefighters overtime pay for two (2) hours each month of the scheduled hours they work even though they are owed overtime wages for a substantial amount more each month.

19. However, if Plaintiff or other firefighters worked additional shifts other than their scheduled shifts the Defendant would pay them overtime wages for additional shifts.

## CAUSES OF ACTION

### COUNT I:  OVERTIME WAGES – FLSA

20. Plaintiff re-alleges and incorporates all averments set forth in paragraphs 1 through 19 above as if fully incorporated herein.

21. Defendant violated the FLSA by not paying all overtime wages owed to Plaintiff for all overtime hours worked.

## PRAYER FOR RELIEF

**WHEREFORE PREMISES CONSIDERED**, Plaintiff respectfully prays that upon

hearing of this matter by a jury, the Plaintiff be granted the following relief in an amount to be determined by the jury:

1. declaratory judgment;
2. overtime wages;
3. liquidated damages;
4. a collective action be granted;
5. pre-judgment and post-judgment interest, attorney fees, costs and expenses; and
6. Such further relief as is deemed just and proper.

THIS the 10th day of November 2020.

Respectfully submitted,

LONNIE JOHNSON, PLAINTIFF

By: /s Nick Norris
Louis H. Watson, Jr.  (MB# 9053)
Nick Norris (MB#101574)
Attorneys for Plaintiff

OF COUNSEL:

WATSON & NORRIS, PLLC
1880 Lakeland Drive, Suite G
Jackson, Mississippi 39216-4972
Telephone: (601) 968-0000
Facsimile: (601) 968-0010
Email: louis@watsonnorris.com